UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| FRANK H. BROWN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-CV-34-RLM-PRC |
| | ) | |
| WALSH & KELLY, INC., | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Defendant's Motion to Compel Discovery [DE 39], filed by Defendant on February 3, 2012, and a Defendant's Motion for Sanctions [DE 47], filed by Defendant on March 30, 2012.

### BACKGROUND

On January 24, 2011, Plaintiff, proceeding *pro se*, filed a Complaint in this Court alleging employment discrimination. Counsel entered his appearance on behalf of Plaintiff on July 13, 2011, and filed an Amended Complaint on November 15, 2011, alleging three counts of race discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendant filed its Answer to the Amended Complaint on November 22, 2011.

On February 3, 2012, Defendant filed a Motion to Compel. At the request of Plaintiff, the Court set the matter for hearing, which was held on March 8, 2012. At the close of the hearing, the Court ordered Plaintiff to provide a number of outstanding documents to Defendant by March 15, 2012. The parties agreed that the hearing and resulting Court's Order resolved the majority of the issues raised in the Motion, with the exception of one remaining issue: the terms of the fee arrangement between Plaintiff and his counsel. The Court granted Plaintiff an extension of time

through March 23, 2012, to file a response to the Motion to Compel on that issue. On March 22, 2012, Plaintiff filed a document titled "Certificate of Service" indicating that he had provided the documents as agreed during the hearing, but not addressing the fee arrangement. No response to the Motion to Compel was filed.

On March 30, 2012, Defendant filed a Motion for Sanctions, requesting that the Court dismiss the case or, in the alternative, order Plaintiff to provide the remaining discovery documents and award attorneys' fees and costs incurred in the filing of the Motions. Plaintiff filed a response on April 9, 2012, and Defendant filed a reply on April 10, 2012.

On April 3, 2012, Defendant filed a Motion to Extend Deadlines indicating that Plaintiff had not yet provided all of the documents as agreed during the March 8, 2012, hearing, and requesting an extension of the discovery deadline to allow sufficient time to obtain all of the information needed. A hearing was held on May 2, 2012. The Motion for Extension was granted in part and some new case management deadlines were set, and the Court set a deadline of May 9, 2012, for Plaintiff to provide the still-outstanding documents. The Court has received no indication from Defendant that Plaintiff has failed to comply with this most recent deadline.

## ANALYSIS

**A.   Motion to Compel**

As most of the disputes raised in the Motion to Compel were resolved during the March 8, 2012, hearing, the sole remaining issue in the Motion to Compel is Defendant's request, in its Second Interrogatory and Second Requests for Production, for the terms of the fee arrangement between Plaintiff and his counsel.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged

matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Defendant seeks documents relating to any fee agreement or arrangement between Plaintiff and his attorney as relevant to Plaintiff's request for damages in his Complaint. Defendant asserts that it is not seeking information that reveals any privileged attorney-client information or information about any services rendered. Plaintiff did not respond to the Motion to Compel, but did argue at the hearing that the fee agreement will only be relevant for settlement negotiations and if Plaintiff prevails at trial. He also argued that he described his itemized damages in his initial disclosures, disclosing the attorney's hourly rate.

Defendant is correct that information regarding attorney fees and fee arrangements is generally not privileged, *see, e.g., In re Grand Jury Proceeding, Cherney*, 898 F.2d 565, 567 (7th Cir. 1990); *Stopka v. Am. Family Mut. Ins. Co.*, 816 F. Supp. 2d 516, 532-533 (N.D. Ill. 2011), but the inquiry does not end there: the information must also be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff has not shown that the attorney fee arrangement information would be or lead to evidence admissible at trial; instead, it appears that the fee arrangement information would only be relevant in the case of a judgment against Defendant, at which time a renewed motion can be made if necessary. *Pizel v. Monaco Coach Corp.*, 224 F.R.D. 642, 644 (N.D. Ind. 2004). Accordingly, Plaintiff's Motion to Compel is denied as to the request for the terms of the fee arrangement between Plaintiff and his counsel.

### B.     Motion for Sanctions

Defendant requests that the Court sanction Plaintiff for continued failure to comply with discovery and with the Court's Order to provide documents. Plaintiff argues that he has provided the documents the Defendant has requested and that the request for sanctions should therefore be denied.

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The additional sanctions described in Rule 37(b)(2)(A)(i)-(vi) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Furthermore, "[i]nstead of or in addition to the orders above, the

court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Rule 37 contemplates dismissal of a case as a sanction for discovery abuse. A district court may dismiss a case upon finding that the plaintiff, through his actions, displayed willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). A court that dismisses a case as a sanction under Rule 37 must consider and explain why any of the lesser available sanctions would be ineffective. *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).

Defendant requests that the Court dismiss this action or, in the alternative, order Plaintiff to provide the remaining outstanding documents and award Defendant attorneys fees and costs incurred in filing the Motion to Compel and Motion for Sanctions. Plaintiff argues, as of April 9, 2012, that he had sent Defendant all the documents as ordered by the Court and that any sanctions are therefore unwarranted. However, as Defendant argues in the reply and as discussed in the Motion Hearing of May 2, 2012, Plaintiff did not fully comply with the Court's Order of March 8, 2012. Although it appears that Plaintiff has now complied with that Order and provided the outstanding discovery responses, it took a Motion to Compel, a Motion for Sanctions, and two hearings with the Court before Plaintiff provided that information to Defendant. That failure was not substantially justified, and Plaintiff has described no reason why an award of expenses would be unjust. Accordingly, the Court will impose a sanction in accordance with Federal Rule of Civil Procedure 37.

The Court does not conclude that the extreme sanction of dismissal is appropriate at this stage of the proceedings. It appears that Defendant has now received all outstanding discovery requests and received an extension of the discovery deadline to ensure that it has enough time to

obtain all the other information it needs for trial. Accordingly, the Court declines to dismiss the case as a sanction for Plaintiff's failure to comply with the Court orders, but does order Defendant to pay fees and costs associated with the discovery dispute.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the sole outstanding request from the Defendant's Motion to Compel Discovery [DE 39], and **GRANTS** the Defendant's Motion for Sanctions [DE 47]. The Court **ORDERS** Plaintiff to pay Defendant's reasonable attorney fees and other expenses related to the filing of the instant Motion to Compel and Motion for Sanctions and the related hearings of March 8, 2012, and May 2, 2012, and **ORDERS** Defendant to **FILE** with the Court on or before **May 25, 2012**, an itemized statement of attorney fees and costs incurred in bringing the Motion to Compel and Motion for Sanctions, including the cost incurred in filing the reply brief and expenses related to the hearings of March 8, 2012, and May 2, 2012, with supporting documentation.

SO ORDERED this 18th day of May, 2012.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record